IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Balbuena Rivera,<br><br>        Petitioner,<br><br>vs.<br><br>Phillip Crawford, et al.,<br><br>        Respondents. | No. CV-07-898-PHX-SRB (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, raising three claims: (1) he has been denied custody reviews mandated by 8 C.F.R. § 241; (2) his detention pursuant to 8 U.S.C. § 1226(c) is not authorized; and (3) his continued detention has caused emotional and financial hardship. (docket # 5 at 4-6) Respondents argue that Petitioner's detention and custody review comply with the regulations and statutory requirements. (docket # 14) Petitioner has not filed a reply and the deadline has expired.

**I. Background**

Petitioner is a native and citizen of Mexico. The record does not contain the details of Petitioner's entry into the United States. (Respondents' Exh. 1) However, the record reflects that in 1991, Petitioner's status was adjusted to lawful permanent resident pursuant to § 245(A) of the Immigration and Nationality Act ("INA"). (Respondents' Exhs. 2, 4)

1  On July 5, 2005, Petitioner was convicted in the Superior Court of California, 2 Tehama County, of Possession of a Controlled Substance, methamphetamine, in violation 3 of California Health and Safety Code § 11377(a).  (Respondents' Exhs. 1, 3) He was 4 sentenced to 16 months imprisonment.  (Respondents' Exhs. 1, 3)

5  On February 16, 2006, the Department of Homeland Security ("DHS") issued a 6 Notice to Appear ("NTA"), charging Petitioner with removability pursuant to INA § 7 237(a)(2)(B)(i) on the ground that, at any time after admission, he was convicted of 8 violating a law related to a controlled substance, other than a single offense involving 9 possession for one's own use of 30 grams or less or marijuana.  (Respondents' Exh. 4)

10 On February 16, 2006, the government served Petitioner with a Notice of Custody 11 Determination, Form I-286, detaining him without bond.  (Respondents' Exh. 5) On 12 March 16, 2006, Petitioner, through counsel, withdrew a request for a bond hearing. 13 (Respondents' Exh. 6)  During a March 16, 2006 hearing before an Immigration Judge 14 ("IJ"), Petitioner admitted the allegations in the NTA and conceded the charge of 15 removability.  (Respondents' Exh. 7 at 5, 8-9)  Petitioner designated Mexico as the 16 country of removal and claimed no fear of returning to Mexico. (Respondents' Exh. 7-9) 17 Petitioner also indicated that he would seek cancellation of removal pursuant to INA § 18 240(A), 8 U.S.C. § 1229b(a).  (Respondents' Exh. 7 at 9)

19 On April 20, 2006, the IJ conducted a hearing on Petitioner's motion for 20 cancellation of removal under § 240(A).  Before that hearing, Petitioner submitted his 21 application for cancellation of removal and the DHS submitted several exhibits to be 22 considered during the hearing.  (Respondents' Exhs. 8, 9) At the conclusion of the April 23 20, 2006, the IJ denied Petitioner's application for cancellation of removal and ordered 24 Petitioner removed to Mexico.  (Respondents' Exhs. 10, 11)

25 Petitioner appealed to the Board of Immigration Appeals ("BIA") claiming that the 26 IJ erred in denying his application for cancellation of removal.  (Respondents' Exh. 12)

1  On July 25, 2006, the BIA dismissed Petitioner's appeal and affirmed the IJ's decision.
2  (Respondents' Exh. 14)
3      On August 1, 2006, Petitioner filed a petition for review with the Ninth Circuit
4  Court of Appeals. (Respondents' Exh. 15) On August 3, 2006, the Ninth Circuit issued a
5  stay of removal. (Respondents' Exh. 15)
6      On August 16, 2006, Petitioner was served with a Notice of File Custody Review.
7  The Notice explained that Petitioner could submit documentation in support of his release
8  on or before October 11, 2006. (Respondents' Exh. 19) Petitioner did not submit any
9  documents in response to the August 16, 2006 notice. (Respondents' Exh. 19) On
10 October 23, 2006, DHS issued a Decision to Continue Detention Following File Review.
11 (Respondents' Exh. 16) On September 17, 2007, DHS issued Petitioner a "Notice to
12 Alien of File Custody Review." (Respondents' Exh. 17) Petitioner had until October 19,
13 2007 to submit documents in support of his release. (*Id.*) As of October 5, 2007, the date
14 on which Respondents filed their Answer, Petitioner had not submitted such documents.
15 (Respondents' Exh. 20) Based on the record, it appears that Petitioner remains in
16 custody.
17 **II.  Analysis**
18     This Court may issue a writ of habeas corpus to a DHS detainee who is "in custody
19 in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §
20 2241. In his Amended Petition for Writ of Habeas Corpus, Petitioner asserts that his
21 continued detention is not authorized by federal law, he has been denied meaningful
22 custody review, and his prolonged detention has caused emotional and financial harm.
23 (docket # 5)
24     As an initial matter, Petitioner's allegations of financial and emotional harm in
25 ground 3 do not give rise to a cognizable claim under § 2241. 28 U.S. C. § 2241.
26 Accordingly, Petitioner's third ground for relief fails. The Court will discuss Petitioner's
27 remaining claims below.
28

- 3 -

**A. Governing Statute**

Two federal statutes provide for the detention of removable aliens under different circumstances. Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, governs the detention of aliens who are not under an administratively final order of removal. 8 U.S.C. § 1226. On the other hand, § 231 of the INA, 8 U.S.C. § 1231, governs the detention of aliens whose order of removal is administratively final. *Id.*

Section 1226(c) provides that, except in limited circumstances, aliens convicted of qualifying crimes be detained pending removal proceedings. 8 U.S.C. § 1226(c). Petitioner and Respondents agree that because Petitioner's removal order is presently on appeal to the Ninth Circuit Court of Appeals, the removal period has not commenced[1] and Petitioner remains subject to detention pursuant to 8 U.S.C. § 1226(c). *See*, 8 U.S.C. § 1231(a)(1)(B)(stating that "the removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."). *See also, Armijo v. Gonzales*, No. CV-05-1055-NVW (MEA), 2005 WL 2897520 (D. Ariz., Nov. 1, 2005)(noting that order of removal was not final because Immigration Judge's decision finding petitioner ineligible for cancellation of removal was still on appeal before the BIA.). For the reasons set forth below, the Court rejects Petitioner's claims and finds that his current detention is statutorily authorized and that he has received the custody review to which he is entitled.

**B. Whether § 1226 authorizes Petitioner's Continued Detention**

The issue before the Court is whether an alien, such as Petitioner, who is detained pursuant to 8 U.S.C. § 1226(c) and who does not have a final order of removal because of

---

[1] After the completion of removal proceedings, the detention of an alien who has been ordered removed is governed by 8 U.S.C. § 1231(a). *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001)(referring to § 1231 as the "post-removal-period detention statute.").

- 4 -

1  challenges he is making to his removal, is entitled to release or a bail hearing.  To date,
2  Petitioner has been detained for 21 months.

3        In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed detention
4  under § 1226(c).  The Court held that the detention of criminal aliens pursuant to 8 U.S.C.
5  § 1226(c), i.e, before the issuance of a final order of removal, is "constitutionally
6  permissible" for the "*limited* period" necessary to complete removal proceedings.  *Id.* at
7  526, 531.(emphasis added).  In reaching this conclusion, the Court noted that detention
8  under § 1226 is usually of short duration with a "definite termination point." *Id.* at 529.
9  Specifically, the Court found that "the detention at stake under § 1226(c) lasts roughly a
10 month and a half in the vast majority of cases in which it is invoked, and about *five*
11 *months* in the minority of cases in which the alien chooses to appeal.  *Demore*, 538 U.S.
12 at 530 (emphasis added).  Although petitioner in *Demore* was detained for over six
13 months, which was longer than average, the Supreme Court found that 'temporary'
14 confinement permissible.  *Demore*, 538 U.S. at 530-531.  The *Demore* Court also noted
15 that the petitioner had conceded removability. *Id.*

16       Two years after *Demore*, in *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005),
17 the Ninth Circuit considered a habeas corpus petition filed by an alien who had been
18 detained under § 1226(c) for "over two years and eight months." *Id.*   The Ninth Circuit
19 "construed the authority conferred by § 1226(c) as applying to expedited removal of
20 criminal aliens." *Id.*  The Ninth Circuit concluded that "[t]wo years and eight months of
21 process is not expeditious; and the foreseeable process [necessary for judicial review] in
22 this case . . . is a year or more." *Tijani*, 430 F.3d at 1242.  *Tijani* held that petitioner was
23 entitled to release unless the government provided him with a bond hearing before an
24 immigration judge and established that the alien was a flight risk or a danger to the
25 community. *Tijani*, 430 F.3d at 1242.  In further support of the Court's ruling, Tashima,
26 J., concurring, noted that "the sheer length of [petitioner's] detention violates the
27 Constitution now."  *Id.*  (Tashima, J., concurring).

28

- 5 -

1  The rationale of *Tijani* does not apply to Petitioner's case.  First, unlike the alien in
2  *Tijani*, whose administrative process lasted twenty months, Petitioner's detention during
3  administrative proceedings lasted only five months.  Petitioner was taken into custody on
4  February 16, 2006.  (Respondents' Exh. 5) The Immigration Judge decided the case on
5  April 20, 2006 and the BIA dismissed Petitioner's appeal on July 25, 2006.  (Respondents'
6  Exhs. 10, 14) Petitioner's five-month detention during administrative proceedings fell
7  within the parameters deemed acceptable in *Demore*, 538 U.S. at 530-31.

8  Of the 21 months that Petitioner has been detained, only five months, less than 25
9  %, was spent in detention during administrative proceedings.  In *Demore*, the Supreme
10 Court found that petitioner's 6-month detention during removal proceedings was
11 reasonable.  *Demore*, 538 U.S. at 512.  Petitioner's five-month detention during
12 administrative proceedings falls within the average length of detention when an alien
13 chooses to appeal (five months), and it is less than the six months that the Supreme Court
14 suggested would be reasonable in *Demore*.  538 U.S. at 530.

15  The remainder of Petitioner's detention, approximately 16 months, has occurred
16 during his judicial appeal based on a stay of removal which Petitioner obtained from the
17 Ninth Circuit.  Respondents correctly assert that Petitioner's decision to seek judicial
18 review and a stay of removal has contributed to the overall length of his detention.
19 Although Petitioner "should not effectively be punished for pursuing applicable legal
20 remedies," *Lawson*, 332 F.Supp.2d at 746, there is no evidence that the government has
21 prolonged the appeal unreasonably.  Petitioner's judicial appeal time (approximately 16
22 months to date) is within the norm for civil appeals in the Ninth Circuit.  *Mboussi-Ona v.*
23 *Crawford*, No. CV-06-2897-PHX-NVW (BPV), 2007 WL 3026946, * 5 (D.Ariz. Sept. 27,
24 2007)(finding that appeal which had been pending for seventeen months before the Ninth
25 Circuit was within the norm.); *Azeke v. Gonzales*, No. C-07-0709-MMC, 2007 WL
26 1223844, * (N.D.Cal. April 25, 2007) (noting that appeal which had been pending for ten
27 months before the Ninth Circuit was reasonable.).  Additionally, in his concurring opinion
28

- 6 -

in *Tijani*, Judge Tashima found it significant that Tijani had an almost certain chance of winning his argument on appeal regarding whether his underlying conviction was an aggravated felony. *Tijani*, 430 F.3d at 1247-48. Unlike *Tijani*, Petitioner does not argue that his underlying conviction does not constitute a controlled substance offense for purposes of INA § 237(a)(2)(B)(i). Rather, Petitioner admitted the allegations and the charge of removability. On appeal to the Ninth Circuit, Petitioner only challenges the IJ's discretionary decision to deny his application for cancellation of removal. (Respondents' Exh. 7 at 10; Exh. 12)

In summary, Petitioner's detention under § 1226(c) falls under the Supreme Court's decision in *Demore* and his detention has not exceeded the "brief period" authorized by §1226(c).

**C. Custody Review**

Petitioner also claims that he has been denied meaningful custody review required by 8 C.F.R. § 241.4 (docket # 5 at 4) Contrary to Petitioner's assertion, the record reflects that he has received regular review of his custody status.

Title 8 C.F.R. § 241.4(h)(1)(i) applies to the detention of aliens who are being held pursuant to an administratively final order of removal. It requires an initial review and periodic review of an alien's custody status pending removal. 8 C.F.R. § 241.4. Because this regulation applies to detention under 8 U.S.C. § 1231, as opposed to § 1226, it does not apply to Petitioner who is detained pursuant to § 1226(c). Even though § 241.1 does not apply to Petitioner, he has received periodic administrative review of his custody status. He has been provided notice and an opportunity to submit evidence regarding his custody status. Specifically, on February 16, 2006, Petitioner was served with a notice of custody determination holding him without bond. (Respondents' Exh. 5) On March 16, 2006, Petitioner withdrew a request for a bond redetermination hearing. (Respondents' Exh. 6) Thereafter, on August 16, 2006, Petitioner was served with a Notice of File Custody Review. (Respondents' Exh. 19) Petitioner was given nearly two months to

- 7 -

submit any documents in support of his release. (Respondents' Exh. 20) Petitioner did not provide any documentation or request a personal interview. (*Id.*) On October 23, 2006, DHS issued a decision to continue his detention. (Respondents' Exh. 16) On September 17, 2007, the government again served Petitioner with a Notice of Custody Review. As of the most recent filing in this case, October 5, 2007, Petitioner had not submitted any documentation in support of his request for release. Petitioner remains in custody.

The record reflects that Petitioner has been afforded more than the process due under the statutory scheme. As previously stated, 8 C.F.R. § 241 applies to aliens who are detained pursuant to 8 U.S.C. § 1231, not § 1226. Petitioner is detained pursuant to 8 U.S.C. § 1226(c) and the relevant regulations do not provide for periodic administrative review of custody. Thus, Petitioner, who has been provided several custody reviews, has received more process than is statutorily required. In view of the foregoing, Petitioner's claim that he has been denied statutorily required custody review fails.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ of Habeas Corpus (docket # 5) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a

- 8 -

waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of November, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge