**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Balbuena Rivera, ) | No. CV07-0898-PHX-SRB |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Phillip Crawford, et al., ) | |
| Respondents. ) | |

Petitioner, Manuel Balbuena Rivera, filed his Amended Petition for Writ of Habeas Corpus on July 3, 2007. Petitioner is in the custody of Immigration and Customs Enforcement (ICE) and is subject to an order of removal that has not become final as a result of a pending appeal to the Ninth Circuit Court of Appeals. In his habeas petition, Peitioner claims that he has been denied custody reviews mandated by 8 C.F.R. § 241, that his detention pursuant to 8 U.S.C. § 1226(c) is not authorized and that his continued detention has caused emotional and financial hardship. Respondents filed their response in opposition to the petition on October 5, 2007. No reply was filed. The Magistrate Judge issued his Report and Recommendation on November 19, 2007 recommending that the petition be denied. This Court extended the time for Petitioner to file objections and timely objections were filed on February 19, 2008, in a document captioned Petitioner's Combined Response to the Magistrate Judge's Report and Recommendation and the Respondents' Opposition.

1  This document contains 21 pages of argument in support of Petitioner's habeas petition and
2  attaches as exhibits Petitioner's opening brief on his Petition for Review from his final order
3  of removal as well as documents relating to his earlier appeal of the Immigration Judge's
4  order denying him cancellation of removal.

5  The Court has considered the Petitioner's objections to the Report and
6  Recommendation of the Magistrate Judge. Those objections will be overruled, and the
7  Petition for Writ of Habeas Corpus will be denied.

8  Petitioner was first served with a Notice to Appear charging him with removability
9  on February 16, 2006. Petitioner conceded removability at his March 16, 2006 hearing
10 before an Immigration Judge but advised the Immigration Judge that he would seek
11 cancellation of removal. Petitioner's Motion for Cancellation of Removal was heard on
12 April 20, 2006 and denied by the Immigration Judge that same day. Petitioner's appeal of
13 his Motion for Cancellation of Removal was denied by the Board of Immigration Appeals
14 on July 25, 2006. But for Petitioner's August 1, 2006 appeal to the Ninth Circuit Court of
15 Appeals and his Motion for Stay of Removal Pending Appeal, Petitioner's order of removal
16 would have become administratively final on July 25, 2006, just five months after the Notice
17 to Appear was initially served.

18 In the Report and Recommendation the Magistrate Judge first noted that Petitioner is
19 subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). The parties do not dispute
20 that the removal period set out in 8 U.S.C. § 1231 has not yet commenced. Therefore, the
21 Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) interpreting the
22 reasonable time within which removal proceedings must be completed is inapplicable here.
23 Rather this case must be analyzed under *Demore v. Kim*, 538 U.S. 510 (2003) and its progeny
24 to determine whether Petitioner's continued detention is constitutionally impermissible. In
25 *Demore* the Supreme Court held that detention pursuant to 8 U.S.C. § 1226(c) is
26 constitutionally permissible only for the limited period necessary to complete removal
27 proceedings. *Id* at 526, 531. Applying *Demore* in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir.
28 2005), a habeas petitioner was found to be detained in violation of his constitutional rights

1  when the detention was then two years eight months old and where administrative
2  proceedings alone lasted 20 months.
3        In concluding that Petitioner's detention had not violated constitutional standards, the
4  Magistrate Judge noted that of the time Petitioner had been detained, only five months was
5  spent in detention during administrative proceedings and that the remainder of the detention,
6  then 16 months, accrued during his judicial appeal based on Petitioner's request for a stay
7  of removal from the Ninth Circuit Court of Appeals.
8        In his objections, Petitioner extensively briefs the administrative proceedings and the
9  merits of his Motion for Cancellation of Removal. None of those matters can be considered
10 by the Court. This Court has jurisdiction in these habeas proceedings only to consider the
11 issue as to whether Petitioner's detention has exceeded constitutional limits. The objections
12 also include specific argument with respect to the Government's answer and the Magistrate
13 Judge's Report and Recommendation. Petitioner objects to the Government's suggestion that
14 he possesses the keys to unlock his prison cell by choosing to seek a stay of removal and
15 litigate his appeal suggesting that the Government's argument minimizes his liberty interest.
16 Similarly, the Magistrate Judge notes that five months of Petitioner's now 25 months of
17 detention was during the administrative proceedings and that the balance has occurred during
18 his judicial appeal. The Magistrate Judge also notes that there is no evidence that the
19 Government has prolonged the appeal unnecessarily and that the time the appeal has been
20 pending is well within the norms for the Ninth Circuit Court of Appeals.
21       This Court has reviewed the general docket for Petitioner's appeal to the Ninth Circuit
22 and notes that while the appeal was filed August 3, 2006, Petitioner's opening brief was only
23 filed two and one half months ago on December 24, 2007, seven months after the original
24 due date, the extensions having been sought and obtained by Petitioner. Respondents' brief
25 is now due April 22, 2008, and the optional reply brief is due 14 days after service of the
26 answering brief. The docket entry setting the time for the response and reply brief notes, "In
27 view of Petitioner's detention, this case shall be calendared as soon as practicable."
28

1 The Court agrees with the Magistrate Judge that Petitioner's detention has not exceeded constitutional limits since his detention, but for five months, has been as a result of his own actions. Petitioner sought the stay of removal. Nothing precluded Petitioner from pursuing his appeal from the denial of cancellation of removal after his removal to Mexico. The Court agrees that Petitioner is responsible for his detention since August 2006 and has prolonged that detention by obtaining several extensions of time before his opening brief was filed in the Court of Appeals. The Government cannot be accused of having prolonged the appeal or contributing to his detention beyond the original five months. This Court agrees with the Magistrate Judge that this case is distinguishable from both *Demore* and *Tijani* and, therefore, Petitioner's continued detention is constitutional.

Although Petitioner again references the irreparable harm he claims to be suffering by his continued detention he has cited no authority to suggest that the Magistrate Judge erred in concluding that this claim is not cognizable under 28 U.S.C. § 2241. Finally, the Court agrees with the Magistrate Judge that, although not required to be held, Petitioner has received custody reviews, reviews only required for aliens who have final orders of removal thus giving him more process than the minium due.

IT IS ORDERED overruling the Petitioner's objections to the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of Court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied.

DATED this 14th day of March, 2008.

_____
Susan R. Bolton
United States District Judge